UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Yahya Muqit, # 318455, a/k/a Yahya Muquit, | ) C/A No. 2:09-911-CMC-RSC ) ) |
| Plaintiff, | ) ) Report and Recommendation |
| vs. | ) ) |
| Mr. Marcus W. Kitchens, Clerk of Court is being sued in his individual capacity, | ) ) ) ) |
| Defendant. | ) ) |

The plaintiff, Yahya Muqit, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name a governmental employee as the defendant.[2] The plaintiff alleges that the defendant violated his constitutional rights to access to the courts and due process. Liberally construed, the plaintiff seeks damages. The complaint should be dismissed based upon immunity.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

<u>Pro Se Review pursuant to the Prison Litigation Reform Act (PLRA)</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319

(1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City*

of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## Background

The plaintiff is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections (SCDC). It appears that he is serving a forty-year sentence for an armed robbery conviction entered in the Court of General Sessions for Spartanburg County.

In December of 2008, the plaintiff filed a civil action in this court against the same defendant.[3] See Muqit v. Marc Kitchens, C/A No. 2:08-3959-CMC-RSC. In that case, the plaintiff sued the Clerk of Court for Spartanburg County for actions taken in connection with a closed state court criminal case that was on direct appeal and a purported state habeas corpus action that the plaintiff submitted in November of 2008. Id. at Docket Entry #9. The plaintiff appeared to seek a declaratory judgment that the

---

[3] It is appropriate for this District Court to take judicial notice of the plaintiff's prior cases. See Aloe Creme Lab., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). See also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

defendant had violated his constitutional rights and that the plaintiff was unconstitutionally and unlawfully imprisoned. The plaintiff also sought one million dollars in damages. This court recommended that the action be dismissed without prejudice because the defendant in his individual capacity was immune from suit, the Eleventh Amendment barred suit against the defendant in his official capacity, and based upon *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* The district court accepted the Report and Recommendation (with the exception of deeming the case a "strike") and dismissed the action without prejudice. *Id.* at Docket Entry #15.

In the action *sub judice*, the plaintiff alleges that the defendant has failed to properly file the plaintiff's documents with the court and send him a clock-stamped copy. The plaintiff also appears to complain that he has requested a default be entered against the State of South Carolina in his criminal state court action but that the defendant has not entered the default. The plaintiff seems to allege in this action that he is suing the defendant only in his individual capacity. The plaintiff alleges that the defendant violated his constitutional rights to access to the courts and due process. Liberally construed, the plaintiff seeks damages. He further requests "the bond of the defendant Kitchens."

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Certain defendants are immune from suits pursuant to 42 U.S.C. § 1983. For example, the Clerk of Court for Spartanburg County has quasi-judicial immunity for all acts he performed within his quasi-judicial functions. In other words, actions taken in discharge of his duties as Clerk of Court cannot be the basis of a § 1983 lawsuit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune." *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969). "The clerks of court

are also entitled to immunity the same as judges when performing their duties." *Zimmerman v. Spears*, 428 F. Supp. 759, 762 (D. Tex. 1977), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973). Defendant's alleged failures to enter a default and to file documents are actions (or actually inactions) within a clerk's job responsibilities.[4] The doctrine of absolute judicial immunity has been made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, ... and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). Accordingly, the defendant should be dismissed based upon immunity.[5]

---

[4] The Supreme Court of South Carolina has directed county clerks of court not to file certain *pro se* pleadings (other than a motion to relieve counsel) in cases where the litigant has counsel of record. *See State v. Stuckey*, 333 S.C. 56, 508 S.E.2d 564 (1998); and *Koon v. Clare*, 338 S.C. 423, 527 S.E.2d 357 (2000).

[5] In this case, the plaintiff acknowledges that he has filed a civil action previously against the same defendant related to the same facts, but he alleges that "the lawsuit was dismissed, however it is a continuation of acts outside the color of law." (Compl. at p.1) From a review of the plaintiff's exhibits in this action and the plaintiff's exhibits in *Muqit v. Marc Kitchens*, C/A No. 2:08-3959-CMC-RSC, the court has determined that certain documents were filed in both cases. Certain allegations in this case, however, relate to events which occurred after the dismissal of *Muqit v. Marc Kitchens*, C/A No. 2:08-3959-CMC-RSC. Because *Muqit v. Marc Kitchens*, C/A No. 2:08-3959-CMC-RSC, was dismissed without prejudice, the plaintiff is not barred from bringing his lawsuit again. However, this court cannot glean any allegations from the plaintiff's complaint filed on April 8, 2009, that would cause the court to reach a different conclusion than *Muqit v. Marc Kitchens*,

7

If the plaintiff's request for relief, "the bond of the defendant Kitchens" is a request that the defendant be criminally prosecuted, such relief is not available. Plaintiff cannot have this Court prosecute criminal charges against the defendant as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also United States v. Giannattasio*, 979 F.2d 98, 100 (7th Cir. 1992). Accordingly, if the plaintiff seeks a criminal prosecution of the defendant, that has no basis in law.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether

---

C/A No. 2:08-3959-CMC-RSC.

they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

                                                                             Robert S. Carr
                                                                           United States Magistrate Judge

April 15, 2009
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).